72

FREE HOLINESS CHURCH OF GOD OF MIDDLETOWN, Plaintiff, v.
CHURCH OF GOD, A FREE HOLINESS CHURCH, Defendant.

Common Pleas Court, Butler County.

No. 72774.   Decided August 22, 1955.

George H. Elliott, Clinton W. Boyd, Jr., Middletown, for plaintiff.
Finkelman & Ross, Middletown, for defendant.

## OPINION

By BOLI, J.

This is a dispute between two church groups in Middletown involving the ownership of a church building.   The parties will be referred to as the plaintiff or the Cox group and the defendant or the Lawson group.

More than twenty years ago, the Cox group organized an independent church which was not affiliated with any national or large group.   At first, they held their services in rented quarters until about 1940 when they began to raise money to purchase a building of their own and in 1942, they purchased property at 2808 Yankee Road, the deed being made to Bruce Lawson, Jake Lewis and Jim Ratliff as trustees of The Church of God, a Free Holiness Church.

They held their services in an old building on the premises until they had enough money to begin to erect a new church edifice.   They

used this new building until in the late fall of 1954 when they gave up holding services therein because they couldn't afford to buy a furnace to heat the building during the winter months. After that, they held services in various homes of the members.

During practically all of this period and up to the fall of 1954 Reverend Cox was the pastor of the church although at times he would be away holding evangelistic services.

In December, 1954, after closing the church, Reverend Cox went to Zag, Kentucky. Witnesses for defendant group testified he told them he was through with the church and was going to give it up. This was denied by Reverend Cox.

Prior to 1954, Rev. Eddie Lawson organized a church on the Oxford State Road which later he conveyed to The Church of God, Cleveland Assembly. Subsequently he organized a group called Family Theater Mission because they held their services in the Family Theater in Middletown.

Because this small group could not meet the expenses at the Family Theater, in the fall of 1954 Lawson asked Milburn Lewis, a member of the Cox group, if he could use the church in which to hold a revival. Lewis advised him that Reverend Cox was still in charge of the church.

Shortly thereafter, Reverend Lawson began to hold services in the church and this has continued to date. Millard Hill, who had been a trustee of the church under the Cox group but was not a member of the church, had the key to the church and he assisted in securing and installing a new furnace in the building.

Defendant offered in evidence a petition headed as follows:

"We, the undersigned, do state that we are members of The Church of God, Free Holiness located at 2808 Yankee Road, Middletown, Ohio; that we do petition that a meeting be held of all the membership of said Church for the purpose of electing officers and Trustees of said Church to operate and conduct the business of said Church."

This petition contains the names of 57 persons, only two or three of whom were members of plaintiff's church group. The others were either members or attendants at the Family Theater Mission.

In the March 1 issue of The Middletown Journal classified column appeared this notice:

"NOTICE—March 2 at the Garfield Mission 7:30 p. m. Church of God members are requested to be present to reorganize Church located at 2808 Yankee. Rev. Eddie Lawson."

Several witnesses of plaintiff's group testified they drove past the Garfield Mission that night and saw only some colored people holding a meeting there.

The minutes of that meeting were placed in evidence and are as follows:

"3/2/55

"Conference held to reorganize The Church of God, a Free Holiness Church, 2808 Yankee Rd., Middletown, Ohio.

"Moderator for meeting Rev. Eddie Lawson, Polly Ann Pember at piano.

"Business transacted as follows;

"(1) Trustees appointed;

"1. Bruce Lawson, 3230 Mohawk St.

"2. Estill Lawson, 708 Oxford State Road.

"3. Clell Hitte, R. R., No. 2, Franklin, Ohio.

"(2) Sec. and Treas. appointed;

"Gladys Hitte, R. R. No. 2, Franklin O.

"(3) President and Pastor;

"Rev. Eddie Lawson, Box 213, Middletown, Ohio.

"(4) Board members elected;

"1. Gilbert Ratliff—R. R. No. 2, West Midd.

"2. Millard Hill, Jr.—Mohawk St., City.

"3. Floyd Oaks—4917 Grand Ave., City.

"4. George Cox—Seneca St., City.

"(5) Moved and seconded that members incorporate said church. and that the trustees have full power to transact business of said church.

"(6) Moved and seconded that the trustees, Board members, and pastor have the power to vote in pastor for church.

"(7) Teachings of church read and passed by church.

"Service closed with song and prayer by all.

Sec.

Gladys Hitte"

It also shows that out of approximately 25 persons present at this meeting there were not more than six of them that had been affiliated with the plaintiff church group.

Pursuant to the minutes of the meeting of March 2, on March 8, 1955, the Lawson group incorporated a church as "The Church of God, a Free Holiness Church" with Bruce Lawson, Estill Lawson, and Clell Hitte as incorporators.

On March 16, 1955, the trustees of the defendant group conveyed by deed the church property to "The Church of God, a Free Holiness Church," a corporation not for profit.

The Lawson group have continued to hold services in the premises in question with an attendance of from 40 to 80 persons.

It is the claim of the plaintiff that the Lawson group simply took possession of the church and claimed ownership of it and have continued to use it without any action being taken by the Cox group to divest themselves of the ownership and right to the premises.

It is the claim of the defendant that Reverend Cox and his group abandoned the church and that since Millard Hill had been a trustee of plaintiff group, he had a right to open the church and that they should be declared the lawful owners of the church because they are the only group that is large enough to continue to carry on and use the church.

It must be borne in mind that this action involves the possession and ownership of the church real estate. It is conceded that the Cox group purchased the property—made improvements thereon over the years and actually used the premises for church purposes until the fall of 1954.

The conveyance of real estate by an unincorporated religious society is no different than a conveyance by several individuals or a corporation, in that the title owners must make the conveyance. In the case of

a religious society, the title is held by trustees for the benefit of the members of the society—the members are the owners.

So, in this case, the plaintiff group could not be divested of its ownership excepting by a conveyance duly authorized by a majority of the membership of that group—and this, only after due notice to the membership of a meeting called for that purpose.

From the facts heretofore stated, it is obvious that a majority of the membership of the plaintiff group have never authorized the conveyance of the church property.

Without permission granted by a majority of the membership of the plaintiff group, the Lawson group, unable to meet its expenses at the Family Theater, moved in and attempted to assume possession and ownership of the church property.

The notice in fine print in the classified column of The Middletown Journal on March 1 of a reorganization meeting on March 2 signed by Rev. Eddie Lawson who admittedly had never been a member of the plaintiff group certainly did not constitute due or reasonable notice to the membership of the plaintiff group.

This meeting was called to reorganize the church—here again, the only way the church could be reorganized was by a majority vote of its members. The evidence shows that there were approximately 25 persons present at that meeting and that no more than six of them were either members or had been attendants of the plaintiff church. The minutes of that meeting do not show how those six members voted on the business transacted. The minutes show that Rev. Eddie Lawson was moderator of that meeting—that the trustees appointed were Bruce Lawson, uncle—Estill Lawson, son—and Clell Hitte, son-in-law of Reverend Lawson and Gladys Hitte, daughter of Reverend Lawson as secretary and treasurer and Eddie Lawson as president and pastor.

The minutes do not reveal whether there were no more offices to fill or whether they ran short of Lawsons.

It is significant that in this so-called reorganization of the church no one of the trustees, officers or pastor named at the reorganization meeting either belonged to or had been an attendant at the plaintiff church.

Significant, too, is the fact that in the incorporation of the church and in the deed from the trustees of the newly incorporated church the name of "The Church of God, a Free Holiness Church" was adopted by the Lawson group when it so happens that the original deed to the church property in question made to the Cox group was made in the same name. This indicates to us that one's absorption in church work doesn't necessarily dull one's cunning.

The evidence also shows that the two contending groups are of different faiths. The plaintiff group has followed the articles of faith propounded by Reverend Cox.

Reverend Lawson of the defendant group testified that he formerly belonged to The Church of God, Cleveland Assembly, and preached in their churches although he didn't believe in all their doctrines.

It seems that the Church of God, Cleveland Assembly, believed in

tithing and in the millenial reign wherein Christ will reign on earth for a thousand years during which time the Devil will be bound.

The Cox group do not believe in this teaching.

Although putting the Devil out of business for a thousand years should be welcome news to anyone, especially during the present heat spell, somehow we could never get ourselves worked up over the question of what is going to happen one thousand years from now—our preference is for matters a wee bit more imminent—such as, will the Redlegs finish in the first division this year?

Because there is no proof that the plaintiff group has ever divested itself of the title to the premises in question, we find that the plaintiff is entitled to the relief prayed for in its petition.